UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 30  P 3: 26

```
---------------------------------x
Carlos Llorens,                  :
        Plaintiff                :    Declaration in Support of the
                                 :    Plaintiff's Motion for
v.                               :    Appointment of Counsel
                                 :
Depurty Commissioner Tokarz, et al  :  3:02cv1717(ACV)(TPS)
        Defendants               :
---------------------------------x
```

Carlos Llorens declares under penalty of perjury:

1. I am the plaintiff in the above entitled case. I make this declaration in support of my motion for appointment of counsel;

2. The complaint in this case alleges that the plaintiff was and is subjected to the denial of religious freedoms. Plaintiff is being denied access to the Santeria beads which are an essential part of his religious practices. Plaintiff has attempted to resolve this matter in state court, which resulted in further violations of his rights. In retaliation of plaintiff's use of the court for redress, he was shaken down. As a result of that shakedown, plaintiff was issued a disciplinary report and items pertaining to his religious practices, as well as the case pending at that time in state court, were taken from plaintiff's cell;

3. This is a complex case because it involves several defendants and subject to relatively new case law;

4. The case involves religious issues which will require expert testimony;

5. The plaintiff has demanded a jury trial;

6. The plaintiff has only a high school education and has no legal education;

7. Plaintiff is housed in protective custody, where he has no access to the federal legal material required;

8. Plaintiff has requested assistance from ILAP. As indicated by the attached letter from them, they are unable to assist me under the terms of their new contract. This was plaintiff's only access to federal case law, now that has been

taken away. Plaintiff has no other way to access the federal materials needed to properly respond to any pleadings filed by defendants;

9. Plaintiff has made several attempts to secure counsel on his own, as shown by the letters submitted with Plaintiff's Second Motion for Appointment of Counsel;

10. As set forth in the foregoing declaration, these facts support the appointment of counsel to represent plaintiff.

**WHEREFORE,** the plaintiff's motion for appointment of counsel should be granted.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 28, 2004

                                                                    Carlos Llorens
                                                                     Pro Se Plaintiff
                                                                     Cheshire Correctional Institution
                                                                     900 Highland Avenue
                                                                     Chehsire, CT 06410-1668

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 28th day of January 2004, to:

Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

                                                                     Carlos Llorens
                                                                     Pro Se Plaintiff

LAW OFFICES
OF
SYDNEY T. SCHULMAN

INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

December 29, 2003

Carlos Llorens
#222201
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Llorens:

This letter is written in response to your letters dated November 18, and December 2, 2003, which where received at ILAP on November 19, and December 4, 2003

In your letter that was received at ILAP on November 19, 2003, you requested case law for your civil suit. Pursuant to the recently revised contract between ILAP and the State of Connecticut, this office is limited to providing advice as to process and procedure, as well as on the preparation of documents, in cases involving conditions of confinement only. Thus, effective September 1, 2003, ILAP will no longer provide assistance or advice on any civil matter not related to the conditions of confinement. Where ILAP has assisted an inmate with a non-conditions of confinement case prior to September 1, 2003, we will continue to do so until the matter is concluded.

As stated in Jenkins v. Haubert, 179 F.3d 19, 28 (2$^d$ Cir. 1999)(internal citations omitted):

> "Conditions of confinement" is not a term of art; it has a plain meaning. It quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life such as: the revocation of telephone or mail privileges or the right to purchase items otherwise available to prisoners; and the deprivation of exercise, medical care, adequate food and shelter, and other conditions that, if improperly imposed, could violate the Constitution.

Please note that the new terms of our contract also preclude ILAP from providing case law and other materials to inmates when an ILAP attorney has not determined that a *prima facie* case exists. As before, ILAP can only provide advice and assistance when a *prima facie* case can be made against the defendant or defendants. Black's Law Dictionary defines a *prima facie* case as follows:

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP

Carlos Llorens
December 29, 2003
Page –2-

>A *prima facie* case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or a motion to dismiss in a nonjury case; it is evidence necessary to require the defendant to proceed with his case.

In other words, you need to present evidence that is sufficient to require the defendant to proceed with the case. If the facts of your claim do not support a *prima facie* case, this office is both ethically and contractually precluded from assisting you in the matter.

At this time, we would ask that you forward ILAP copies of all documents which you have filed with the court, any documents you have received from the court in relation to your complaint, and any documentation you have of any incident(s) which substantiates your claims. Until the above-requested materials have been received and any potential claims evaluated, ILAP is unable to comply with your request for legal materials.

Should you require future assistance with a civil legal matter dealing with terms and conditions of confinement, please do not hesitate to contact ILAP at the above-referenced address.

Pursuant to the request in your December 4, 2003, letter, enclosed find Administrative Directive 10.6, *Inmate Visits*.

Should you require future legal assistance, with a matter relating to terms and conditions of confinement, please do not hesitate to contact ILAP.

Sincerely,

Katrina Vallett, Paralegal/Secretary

Peter Downs, Staff Attorney