UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS LLORENS<br>*Plaintiff,* | : PRISONER<br>: CIVIL NO. 3:CV1717(AVC)(TPS)<br>:<br>: |
| v. | : |
| JACK TOKARZ, ET AL.,<br>*Defendants.* | :<br>: DECEMBER 13, 2003 |

## AFFIDAVIT OF LUIS IRIZARRY

I, Luis Irizarry, having been duly sworn, do hereby depose and say that:

1. I am over the age of eighteen and understand the obligations of an oath.

2. I am employed by the Department of Correction (DOC), currently holding the rank of correctional major, assigned to the Bridgeport Correctional Center. I previously held the rank of captain, assigned to the DOC's Security Division. I had an office at Department of Correction Central Office, 24 Wolcott Hill Road, Wethersfield, CT 06109. As part of my job responsibilities, I was assigned to coordinate and facilitate management of Security Risk Groups (SRG's) and advise the Director of Security, Dennis Jones, re: Gang intelligence, monitoring security and management issues, in accordance with A.D. 6.14, copy attached. I presently continue to be involved in SRG intelligence and monitoring SRG groups in DOC. As such, I am familiar with the facts stated herein.

3. I have testified in several federal and state cases, both civil and criminal, concerning gang issues, intelligence and management of gangs in the State's Department of Correction, as well as having provided sworn affidavit testimony.

4. With regard to Santeria beads, in my professional judgment, allowing colors other than one solid color, white, would pose a threat to safety and security of our facilities, inmates and staff. In this case, allowing plaintiff to wear such colors would pose an unacceptable threat to his own safety, and would unreasonably jeopardize plaintiff's life. See Riccio letter dated March 24, 1995, attached.

5. In the past, I have personal knowledge and experience, for example, with rosary beads, all strung from one solid color, blue, and altered by the addition of only one red bead. This rosary was contraband and was used as a identifier for the SRG (Security Risk Group), Los Solidos. The Solidos colors are red and blue.

6. Other security risk groups use other colors as identifiers. Latin Kings use black and gold or yellow. The Netas use red, white and black, and the Bloods use red, and 20 Love uses black and green – see attached list.

7. The beads that were used by SRG's are exactly the same, size and type use in religious necklaces, specifically Santeria necklaces.. The colors requested by this plaintiff are the same combination of colors used by these SRG's and would likely result in serious harm or death to the plaintiff, who would be perceived by others to be a member of an SRG which is an enemy of the Latin Kings. Plaintiff is in Protective Custody (PC) due to his murder of a Latin King member. His attorney, Frank Riccio, wrote a letter to the Department of Correction (DOC) dated

March 24, 1995, stating, in part, that there is a contract on plaintiff's life from the Latin Kings, and that if not housed in PC that plaintiff would be "dead within a week." See Riccio letter dated March 24, 1995, copy attached.

8. Inmates, by altering religious necklaces when colored necklaces were previously allowed, were able to show the gang identifiers for the particular gang, as well as status within the gang. For example, a particular pattern, 5 black followed by 5 gold, would be for a regular member of the Latin Kings, all black would be for "Terminators", a faction of the Latin Kings. Crown Members (leaders) might wear 5 black beads, followed by 2 gold beads.

9. In the last ten years, SRG activity has been closely monitored, controlled and reduced, limiting the violence in Department of Correction facilities.

10. This is evident by the reduction in the numbers of assaults, fights and physical confrontations. Indeed, the number of inmate-inmate assaults decreased approximately 50%, in part, due to strict prohibitions on possessing any type of SRG (gang) colors. These colors have clearly been used in the past to not only "represent" a SRG for the purpose of recruitment, but also to give instructions to initiate a "mission," or to give a signal to assault of a particular inmate.

11. It is undisputed that professional correctional standards require not merely control of SRG colors, including bead necklaces, but a complete prohibition of such colors, as an important management tool to help in a comprehensive approach to reduce SRG activity. Allowing wearing of the necklaces under the T-shirt, would not reduce the risk to plaintiff's safety, and would allow for the widespread introduction of such SRG colors.

12. Inmates will use any loop hole, including an allowance for "religious bead neckalaces" to use these items to signify or represent their membership in gangs, and or to give code messages or secret signals to other inmates.

13. The wearing of beads under clothing will not eliminate their use in gang activity. These colors would still be used by inmates to represent gang membership and leadership to other inmates, on a daily basis. Inmates are commonly found to be bare chested in the housing units, for example when walking from their cell across the dayroom to go to the shower, while, showering, washing up in the bathroom, playing at recreation in the yards or gym or the many times that these necklaces are exposed to view by other inmates. Allowing inmates to wear the necklaces under the clothing would be a totally ineffective means of controlling such powerful gang symbols.

14. A simple necklace of a certain color can be used as a red light/green light to give approval to a "mission" which could be an attack on another inmate or a staff person.

15. Simple possession of these colored bead necklaces would be cause for a disciplinary report for SRG affiliation. See Administrative Directive 9.5, Administrative Directive 6.14. To my knowledge, New York DOC did not give disciplinary reports for SRG Affiliation for mere possession of SRG colors.

16. The best and only way to control and continue to control gang activities is to prohibit all colors, which can be used as gang identifiers. Allowing such colored beads into a facility will promote trading, and altering items, often under threats of fear for gang members

which will cause the beads and necklaces to be used by SRG inmates to communicate and carry out their activities.

17. Indeed, allowing this plaintiff to wear colored beads would be unduly hazardous to his own individual safety. This plaintiff, inmate Carlos Llorens, is already in Protective Custody housing. There are a fairly large number of inmates in Protective Custody (PC) housing who are former SRG members, who have been forced into PC by virtue of their prior SRG activities and on-going threats of retribution or retaliation.

18. Specifically, with regard to this plaintiff, Carlos Llorens, is in PC due to his conviction for murder, in violation of Conn. Gen. Stat. §53a-54a, serving a sentence of 35 years, for the killing of another Latin King member.

19. The Department of Correction has made tremendous progress in controlling the SRG's by enforcing such prohibition and standardizing religious articles. We know from training, networking at National Conference, including the National Gang Management Task Force and resources such as the Department of Justice Manual for Security Threat Groups, that SRG's often use religion to cover up their SRG activities.

20. There is historical evidence of SRG activities by other so-called religious groups, for example, the Five Percenters who have been involved in SRG activities in other states such as New Jersey, South Carolina and elsewhere.

21. In my professional judgment, it would present an unacceptable and substantial risk of serious harm to the plaintiff to allow him to wear different colored Santeria bead necklaces, which could lead to serious injury or even death. See Riccio letter, March 24, 1995.

I have read the foregoing affidavit and it is all true and accurate.

_____
Major Luis Irizarry

Subscribed and sworn to before me this 13th day of December, 2005.

_____
Notary Public/Commissioner of the Superior Court
DONNA COMPARE
NOTARY PUBLIC
My Commission Expires August 31, 2009

6

DEFENDANTS

Jack Tokarz, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: steven.strom@po.state.ct.us
Federal Bar #ct01211

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following this 30th day of January, 2006:

Carlos Llorens, #222201
Cheshire CI
900 Highland Ave.
Cheshire, CT 06410

_____
Steven R. Strom
Assistant Attorney General